RECEIVED

JUN - 2 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

TIARA C. ABBOTT, Plaintiff,

v.

IQ DATA INTERNATIONAL, INC., Defendant.

Case No.: _____

COMPLAINT AND JURY DEMAND

Plaintiff Tiara C. Abbott, proceeding pro se, alleges as follows:

---

## I. INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. Defendant IQ Data International, Inc. ("IQ Data") reported and continued furnishing a disputed collection account to consumer reporting agencies without first providing Plaintiff the written validation notice required by 15 U.S.C. § 1692g.
3. IQ Data engaged in collection activity through credit reporting before properly validating the alleged debt.
4. IQ Data continued furnishing inaccurate and incomplete information regarding the account balance and status after Plaintiff disputed the account and made a payment toward the account.
5. IQ Data furnished information that was inaccurate, misleading, incomplete, or not properly investigated after receiving notice of dispute from consumer reporting agencies.
6. IQ Data continued collection activity through credit reporting after receiving Plaintiff's cease and desist communication.
7. IQ Data made false and misleading representations in response to federal consumer complaints, including misrepresenting its legal obligations as a data furnisher.
8. As a result, Plaintiff suffered financial harm, including denial of educational financing.

---

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331.
10. Venue is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District and the harm occurred in this District.

---

## III. PARTIES

11. Plaintiff Tiara C. Abbott is a consumer residing in Missouri.
12. Defendant IQ Data International, Inc. is a debt collector within the meaning of 15 U.S.C. § 1692a(6). Defendant is a foreign corporation registered to do business in Missouri and may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar St, Jefferson City, MO 65101.
13. IQ Data regularly collects debts allegedly owed to another and furnishes information to consumer reporting agencies.

## IV. FACTUAL ALLEGATIONS

14. IQ Data claimed Plaintiff owed a debt related to Chesterfield Lofts.
15. The alleged debt was assigned to IQ Data in or around September 2025.
16. IQ Data reported the account to consumer reporting agencies, including Equifax, Experian, and/or TransUnion.
17. Plaintiff did not receive the written validation notice required by 15 U.S.C. § 1692g prior to the account appearing on Plaintiff's credit report.
18. Plaintiff did not receive a written notice containing:
- the amount of the debt;
- the name of the creditor;
- notice of the right to dispute the debt;
- notice of the right to request validation.
19. Plaintiff's first notice of the alleged debt was its appearance on Plaintiff's credit report.
20. IQ Data engaged in collection activity through credit reporting without first properly providing the required notice.
21. On 11/05/2025, Plaintiff submitted a cease and desist communication to IQ Data via the Consumer Financial Protection Bureau ("CFPB") portal, CFPB Case Number 251105-25603951, filed under the issue of "Attempts to collect debt not owed."
22. IQ Data received and responded to Plaintiff's cease and desist on or around 11/20/2025 through the CFPB portal, acknowledging receipt and stating that no further attempts to contact Plaintiff by phone or mail would be made.
23. Despite acknowledging Plaintiff's cease and desist, IQ Data continued collection activity by continuing to furnish and update the account balance to consumer reporting agencies, stating it was their "responsibility" to do so as a data furnisher.
24. On 3/20/2026, Plaintiff filed a second CFPB complaint, Case Number 260321-30299300, specifically addressing IQ Data's failure to provide the written validation notice required by 15 U.S.C. § 1692g prior to reporting the account, and challenging IQ Data's misrepresentation that furnishing information to consumer reporting agencies was legally required.
25. IQ Data responded to Plaintiff's second CFPB complaint on 4/3/2026, stating only that initial notification was mailed at the time of assignment, was not returned as undeliverable, and was "deemed received." IQ Data provided no documentation of any kind to support this claim.
26. Plaintiff disputed the account.
27. In its 4/3/2026 CFPB response, IQ Data claimed that notice had been mailed and "deemed received." IQ Data did not provide:
- a copy of the alleged notice;
- proof of mailing;
- mailing records;
- the address used;
- mailing procedures;
- certified mailing information.
28. IQ Data had Plaintiff's correct address on file, as Plaintiff had provided that address to Chesterfield Lofts prior to vacating the premises.
29. IQ Data's claim that the notice was "deemed received" because it was never returned is legally insufficient. A letter not returned does not establish receipt, particularly where no certified mailing or tracking exists.
30. IQ Data provided inconsistent and unsupported statements regarding the alleged notice across multiple CFPB responses.
31. In its 11/20/2025 CFPB response, IQ Data represented to the CFPB that it was "required" to update and report the account to the consumer reporting agencies. That statement is false and misleading. Furnishing information to consumer reporting agencies is not mandatory in the manner represented by IQ Data, and describing it as a legal requirement mischaracterizes the company's obligations and Plaintiff's rights.
32. Plaintiff disputed the account with consumer reporting agencies.

33. Consumer reporting agencies notified IQ Data of Plaintiff's disputes.
34. After receiving notice of dispute, IQ Data was required to conduct a reasonable investigation pursuant to 15 U.S.C. § 1681s-2(b).
35. IQ Data failed to conduct a reasonable investigation.
36. Plaintiff made a payment toward the account. This payment was made not as an admission of the debt but solely in an attempt to obtain approval for federal educational financing. Plaintiff disputes the validity of the underlying debt.
37. IQ Data's internal account system reflected a lower balance after Plaintiff's payment.
38. Despite this, the account continued to be furnished and verified with a higher balance during the dispute process.
39. In or around May 2026, Plaintiff disputed the account balance through a consumer reporting agency.
40. The disputed balance was verified and returned as accurate despite the reporting not reflecting Plaintiff's payment and current account status.
41. IQ Data continued furnishing the account despite unresolved discrepancies regarding the reported balance.
42. IQ Data failed to correct inaccurate or incomplete information after receiving notice of dispute.
43. IQ Data continued furnishing information that was misleading, inaccurate, incomplete, or unsupported.
44. Plaintiff applied for a federal Direct PLUS student loan.
45. On or about March 4, 2026, Plaintiff was denied educational financing based in part on adverse credit reporting, including the collection account furnished by IQ Data. Plaintiff attached documentation of the denial to CFPB Case Number 260321-30299300.
46. Plaintiff lost access to approximately $20,000 in educational financing. The applicable loan deadlines have since passed and this financing opportunity is no longer available to Plaintiff.
47. Plaintiff suffered financial harm, emotional distress, time loss, inconvenience, and credit-related harm.

---

### V. COUNT I Violation of FDCPA – 15 U.S.C. § 1692g

48. Plaintiff incorporates all prior paragraphs.
49. IQ Data failed to provide the written validation notice required by 15 U.S.C. § 1692g before engaging in collection activity.
50. IQ Data engaged in collection activity through credit reporting before properly validating the alleged debt.
51. IQ Data's claim that notice was mailed and "deemed received" without any supporting documentation is insufficient to establish compliance with § 1692g.
52. When directly challenged through the CFPB, IQ Data was unable to produce a copy of any notice, the date it was sent, the address used, or any proof of mailing whatsoever.
53. IQ Data's conduct violated 15 U.S.C. § 1692g.

---

### VI. COUNT II Violation of FDCPA – 15 U.S.C. § 1692e

54. Plaintiff incorporates all prior paragraphs.
55. IQ Data made false, deceptive, or misleading representations, including but not limited to:
- claiming notice was mailed and "deemed received" without documentation;
- furnishing and verifying inaccurate or incomplete balance information;
- representing disputed information as verified despite unresolved discrepancies;
- representing to the CFPB in its 11/20/2025 response that furnishing information to consumer reporting agencies was legally required, when no such legal requirement exists;
- misrepresenting compliance with federal requirements.
56. IQ Data's conduct violated 15 U.S.C. § 1692e.

---

## VII. COUNT III Violation of FDCPA – 15 U.S.C. § 1692c

57. Plaintiff incorporates all prior paragraphs.
58. Plaintiff submitted a cease and desist communication to IQ Data via the CFPB portal on 11/05/2025, CFPB Case Number 251105-25603951.
59. IQ Data received and responded to Plaintiff's cease and desist communication on 11/20/2025, confirming receipt through the CFPB portal and acknowledging it would cease direct contact with Plaintiff.
60. Despite acknowledging Plaintiff's cease and desist, IQ Data continued collection activity by continuing to furnish, update, and verify the account balance to consumer reporting agencies.
61. IQ Data explicitly justified this continued activity by characterizing it as a legal responsibility, which constitutes a false and misleading representation in addition to continued collection activity.
62. IQ Data's continued furnishing and updating of the account after receiving Plaintiff's cease and desist constitutes continued collection activity in violation of 15 U.S.C. § 1692c.
63. IQ Data's conduct violated 15 U.S.C. § 1692c.

## VIII. COUNT IV Violation of FCRA – 15 U.S.C. § 1681s-2(b)

64. Plaintiff incorporates all prior paragraphs.
65. IQ Data received notice of Plaintiff's disputes from consumer reporting agencies.
66. IQ Data was required to conduct a reasonable investigation upon receipt of dispute notice.
67. IQ Data failed to:
- conduct a reasonable investigation;
- review all relevant information submitted by Plaintiff;
- correct inaccurate or incomplete reporting;
- properly reconcile the disputed balance after Plaintiff's payment.
68. IQ Data continued furnishing inaccurate, incomplete, or misleading information after receiving dispute notice.
69. IQ Data's conduct violated 15 U.S.C. § 1681s-2(b).

## IX. DAMAGES

70. Plaintiff suffered actual damages as a direct and proximate result of IQ Data's conduct.
71. Plaintiff was denied a federal Direct PLUS student loan on or about March 4, 2026.
72. Plaintiff lost access to approximately $20,000 in educational financing. The applicable loan deadlines have passed and this financing opportunity is no longer available.
73. Plaintiff made a payment toward the alleged account not as an admission of the debt but solely in an attempt to secure educational financing. Plaintiff disputes the validity of the underlying debt and suffered financial loss as a result of making said payment under duress.
74. Plaintiff suffered emotional distress, inconvenience, time loss, and credit-related harm.
75. Plaintiff seeks:
- actual damages;
- statutory damages under the FDCPA;
- punitive damages where applicable;
- deletion of the IQ Data account from Plaintiff's consumer credit reports;
- costs of this action;
- all further relief permitted by law.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant and requests:

A. Actual damages; B. Statutory damages; C. Punitive damages where permitted; D. Deletion of the IQ Data account from Plaintiff's consumer credit reports; E. Costs of suit; F. Such other relief as the Court deems just and proper.

---

## XI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

---

Tiara C. Abbott Pro Se Plaintiff

 11516 Philmar Lane Saint Louis, Missouri 63138

t.abbott@outlook.com

4174503721

Date: 06/02/2026