**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIARA C. ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-0863 CDP |
| | ) | |
| IQ DATA INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Tiara C. Abbott's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2].  Having reviewed the Application, the Court finds that Plaintiff does not qualify for in forma pauperis status. Plaintiff's Application will be denied without prejudice. Within 21 days of this Order, Plaintiff must pay the full $405 filing fee. Her failure to do so will result in a dismissal of this action without prejudice.

### The Complaint

Plaintiff Tiara Abbott brings this action against IQ Data International, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.,* asserting that Defendant furnished a disputed collection account to consumer reporting agencies without first contacting Plaintiff or providing a written validation notice purportedly required under federal law. Plaintiff seeks damages and injunctive relief in this action.

### Discussion

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment of fees and costs, or in forma

pauperis, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir. 2000).

In this case, it appears that Plaintiff does not qualify for in forma pauperis status based on the financial information provided on the Application. Plaintiff is currently employed, bringing in a monthly income of $3,200. [ECF No. 2 at 1]. Although she claims to have no cash on hand at the present time, her monthly expenses are less than her monthly income. *Id.* at 2-5.

Based on Plaintiff's financial affidavit, it appears that Plaintiff can pay for the litigation costs for this matter and still be able to provide for the necessities of life. *See Adkins*, 335 U.S. at 339. As such, the Court will deny Plaintiff's Application to Proceed without Prepayment. For this case to proceed, Plaintiff must pay the full $405 filing fee. Therefore, the Application will be denied without prejudice. Within 21 days of this Order, Plaintiff must pay the full $405 filing fee to proceed with this lawsuit. Her failure to do so will result in a dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** <u>**that within 21 days of the date of this Order**</u>, Plaintiff must pay the full $405 filing fee.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 6th day of July 2026.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

3